UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK STEPHEN WICKLUND,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES F. PAGE, an individual, dba ASCERTAIN POLYGRAPH SERVICES, dba TREASURE VALLEY POLYGRAPH, and IDAHO DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | Case No. 1:09-cv-671-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

# REPORT

## INTRODUCTION

The Court has before it the Motion to Dismiss filed by Defendant James F. Page. (Dkt. 27.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1. As explained below, the Court recommends that Defendant's motion be denied.

**REPORT AND RECOMMENDATION - 1**

# BACKGROUND AND FACTS

In the early part of January 2008, Plaintiff Mark Wicklund ("Wicklund"), a convicted sex offender, was suspected of violating the terms of his probation. (Def.'s Mem. at 2, Dkt. 27-1.) Consequently, Wicklund's probation officer, an employee of the Idaho Department of Corrections, arrested and incarcerated him at the Ada County Jail. (Compl. ¶ 9, Dkt. 1.) Wicklund was thereafter transported from the Ada County Jail to the office of James F. Page ("Page"), where Page administered a polygraph exam to help determine whether Wicklund had in fact violated the terms of his probation. (Compl. ¶ 12, Dkt. 1; Def.'s Mem. at 2, Dkt. 27.)

Wicklund alleges that when his probation officer arrested him and transported him to the Ada County Jail, he was taking Norco, a narcotic for which he had a prescription. (Compl. ¶ 9, Dkt. 1.) Jail regulations prohibit inmates from taking narcotics and, as a result, Wicklund had to quit taking Norco "cold turkey." (Compl. ¶¶ 10–11, Dkt. 1.) Wicklund claims that his withdrawal from the medication made him physically ill, incoherent, and unable to think clearly. (Compl. ¶¶ 11–12, Dkt. 1.) Given his mental state, he alleges that he lacked the ability to waive his Fifth Amendment right to protection from self-incrimination, the ability to consent to the polygraph examination, and the ability to respond to the questions that Defendants asked. (Compl. ¶ 19, Dkt. 1.) Wicklund contends that Defendants were aware of his impaired condition when Page conducted the polygraph examination. (Compl. ¶ 19, Dkt. 1.)

On December 22, 2009, Wicklund filed a Complaint and Demand for Jury Trial seeking relief under 42 U.S.C. § 1983 for the allegedly improper polygraph examination. Wicklund sued the Idaho Department of Corrections and Page, both individually and doing business as Ascertain Polygraph Services ("APS") and Treasure Valley Polygraph ("TVP"). Wicklund alleges that by taking the polygraph examination on January 11, 2008, without his consent, Defendants violated his Fifth Amendment right to protection from self-incrimination, were negligent, and committed battery. (Dkt. 1.)

On May 18, 2010, Page filed a motion to dismiss requesting dismissal of James Page dba Ascertain Polygraph Services and James Page dba Treasure Valley Polygraph; dismissal of James Page individually; and dismissal of the Complaint under Rule 12(b)(7). The motion arises from the parties' disagreement over the capacity in which Page was acting at the time of the polygraph exam. Page claims he administered the exam in his capacity as a managing member of Idaho Polygraph Associates, LLC ("Idaho Polygraph"). (Page Aff. ¶ 21, Ex. A Dkt. 27-2.) On this basis, Page argues that the claims against APS and TVP, as well as against himself individually, should be dismissed. Page further asserts that Idaho Polygraph is an indispensable party to the litigation, and that Wicklund's failure to join Idaho Polygraph warrants dismissal of the Complaint under Rule 12(b)(7). Wicklund asserts he stated valid claims against Page individually, that Idaho Polygraph is not an indispensable party in this litigation, and that he requires time to conduct discovery to determine whether Page acted under an assumed business name. The Court will address each argument in turn.

**REPORT AND RECOMMENDATION - 3**

## ANALYSIS

### 1. Dismissal of APS, TVP, and Page

Page alleges Wicklund has failed to state a claim against him, APS and TVP, thereby warranting dismissal of the named defendants. While Page brings his motion under Rule 12(b)(7), the applicable standard for dismissing the claims against APS, TVP and Page individually for failure to state a claim is Rule 12(b)(6).

#### A. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) will be granted when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under this Rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Twombly* with approval).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The complaint must plead "enough facts

**REPORT AND RECOMMENDATION - 4**

to state a claim of relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949.

If either party submits materials outside the pleadings in support of or in opposition to the motion, and the Court relies upon those materials, a motion to dismiss under Rule 12(b)(6) must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Anderson v. Angelone*, 86 F. 3d 932, 934 (9th Cir. 1996). But if the Court does not rely upon the extra materials in rendering its decision, a Rule 12(b)(6) motion need not be converted into a motion for summary judgment simply because matters outside the pleadings are introduced. *Keams v. Tempe Technical Institute, Inc.*, 110 F. 3d 44, 46 (9th Cir. 1997).

Although the parties submitted matters outside the pleadings, the Court did not rely on the materials in reaching the conclusion that the claims against APS, TVP and Page are not subject to dismissal pursuant to Page's motion.

**B. APS and TVP Are Not Legal Entities That Can Be Sued**

Page argues that the claims against the assumed business names APS and TVP should be dismissed because Page administered the polygraph exam as an employee and managing member of Idaho Polygraph and not while functioning under these assumed business names. (Def.'s Mem. at 4, Dkt. 27.) Wicklund argues that dismissal is improper until he is able to conduct additional discovery to determine whether Page administered

the exam while employed by or otherwise associated with the assumed business names. (Pl.'s Response at 5, Dkt. 30.) Neither argument is well taken.

According to the Idaho Secretary of State, "the term 'DBA' is the abbreviation for 'Doing Business As,' which is a slang term for 'Assumed Business Name.'" *See* http://www.sos.idaho. gov/corp/ABN_faq.htm. (last visited August 6, 2010), reproduced as Appendix A to this Decision. Assumed business names are governed by The Assumed Business Names Act of 1997, Idaho Code §§ 53-501 *et. seq.* Under Idaho Code § 53-503(1)(a), an Assumed Business Name is a name under which a legal entity does business, but it is not the legal entity's "true name" under which it was organized and registered with the State. Because an assumed business name is nothing more than another name for a recognized legal entity, an assumed business name is not a separate entity in its own right. Accordingly, even if named as a party, the court does not treat a party's assumed business name as an additional party. *Salazar v. Tilley,* 716 P. 2d 1356, 1357 n.1 (Idaho Ct. App. 1986).

Neither party contends that APS and TVP are anything more than assumed business names used by Page. The Court finds nothing in the record to the contrary. (*See* Compl. ¶¶ 2–3; Aff. of Page ¶¶ 2–5, Dkt. 27-2.) Because APS and TVP are merely assumed business names, APS and TVP are not entities subject to suit and therefore are not parties in this litigation. Accordingly, Defendant's motion to dismiss APS and TVP should be denied. *See Salazar,* 716 P. 2d at 1357 n.1 (explaining that while the assumed business name of the defendant was named as a party, it would not be treated as a party).

**REPORT AND RECOMMENDATION - 6**

### C. Page as an Individual May Be Liable

Next, Page argues that, under Idaho Code § 53-619, his status as a member of Idaho Polygraph precludes Wicklund's § 1983, negligence and battery claims against him. (Def.'s Mem. at 4–5, Dkt. 27.) Wicklund argues that Page misapplies the statute. (Pl.'s Mem. at 4, Dkt. 30.) The Court concurs with Wicklund.

Idaho Code § 53-619 states that "members of a limited liability company are not liable, solely by reason of being a member, to any third-party for any obligation or liability of the limited liability company." But this statute "does not grant immunity to members of limited liability companies." *J.R. Simplot Co. v. Bosen*, 167 P. 3d 748, 750 (Idaho 2006). It merely provides that members of limited liability companies are not liable for the limited liability company's debts or obligations solely by virtue of their membership in the company. *Id.*

In this case, Idaho Code § 53-619 does not preclude a finding of liability against Page. His status as a member of Idaho Polygraph does not grant him absolute immunity from suit. Wicklund contends Page individually committed the alleged torts, and therefore the claims against Page are not based solely on Page's membership in Idaho Polygraph. Consequently, Idaho Code § 53-619 does not apply to shield Page from Wicklund's allegations. The motion to dismiss Page individually should therefore be denied.

## II. Motion to Dismiss Under Rule 12(b)(7)

Page claims that, when he administered the polygraph examination, he was acting not as an individual, but as an employee of Idaho Polygraph. As such, Page argues that

**REPORT AND RECOMMENDATION - 7**

Idaho Polygraph is wholly liable for any torts he may have committed based on the theory of *respondeat superior*. Accordingly, Page argues that his employer, Idaho Polygraph, is an indispensable party because in its absence, complete relief cannot be granted among the existing parties, and Idaho Polygraph's absence may impede its ability to protect its own interest. (Def.'s Reply at 4, Dkt. No. 31.) Under Rule 12(b)(7), Page would be entitled to dismissal if either of his arguments are valid.

### A. Rule 12(b)(7) Standard

Under Rule 12(b)(7), an action may be dismissed for failure to join an indispensable party under Rule 19. When ruling on a 12(b)(7) motion to dismiss, "the Court must accept allegations in the complaint as true." *Cephalon Inc. v. Watson Pharmaceuticals, Inc.* 629 F. Supp. 338, 346 (D. Del. 2009). Because a claim under Rule 12(b)(7) does not decide the validity of the claim, matters outside the pleadings may be considered without converting the motion to dismiss into a motion for summary judgment. 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2010). *See also Three Affiliated Tribes of the Fort Berthold Indian Reservation v. U.S.*, 637 F. Supp. 2d 25, 29 (D. D.C. 2009). As with all Rule 12(b) motions, the moving party bears the burden of persuasion.

### B. Idaho Polygraph Is Not Indispensable Under Rule 19(a)(1)(A)

Page's first argument for dismissal under rule 12(b)(7) is measured against the standard of Rule 19(a)(1)(A). Under this subpart of Rule 19, a person who is subject to service of process and whose joinder will not deprive the court of subject-matter

jurisdiction must be joined as a party if, in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). The relevant issue under Rule 19(a)(1)(A) is "whether success in the litigation can afford the plaintiffs the relief for which they have prayed" without the joinder of the allegedly absent defendant. *Confederated Tribes of Chehalis Indian Res. v. Lujan*, 928 F. 2d 1496, 1501 (9th Cir. 1991). If the allegedly absent defendant could frustrate any relief granted against the existing defendant, the absentee is a necessary party under the rule. *Eldredge v. Carpenters 46 Northern Calif. Counties Joint Apprenticeship and Training Comm.* 662 F. 2d 534, 537 (9th Cir. 1981).

Page has not carried his burden of persuading the Court that Idaho Polygraph's absence could frustrate any relief granted against Page. Although Page has articulated a theory under which Wicklund could hold Idaho Polygraph liable, in whole or in part, for the torts that Page allegedly committed, this theory does not address or eliminate the relief that Wicklund seeks against Page. Wicklund is suing Page for money damages. Page has made no showing that the Court cannot decide whether Page is or is not liable for money damages without the joinder of Idaho Polygraph. Accordingly, Page's 12(b)(7) motion under this subpart of Rule 19 is denied.

### C. Idaho Polygraph Has Not Claimed an Interest Under Rule 19(a)(1)(B)(i)

Page's second argument for dismissal under rule 12(b)(7) is measured against the standard of Rule 19(a)(1)(B)(i). The Rule exists "to protect a party's right to be heard and to participate in adjudication of a claimed interest." *In re Republic of Philippines*, 309 F.

**REPORT AND RECOMMENDATION - 9**

3d 1143, 1152 (9th Cir. 2002). Joinder under this rule is "contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest in the subject matter of the action." *Altmann v. Republic of Aus.*, 317 F.3d 954, 971 (9th Cir. 2002). If the absent party is aware of the action and chooses not to claim an interest, the Court does not err in "holding that joinder [is] unnecessary." *U.S. v. Bowen*, 172 F. 3d 682, 689 (9th Cir 1999).

Presumably, Idaho Polygraph is aware of the litigation because its managing member is a named defendant. However, the Court has not been informed of any interest that Idaho Polygraph has claimed in this action nor does the record indicate any claim exists. Furthermore, it is difficult for the Court to understand what "interest" Idaho Polygraph would want to claim in this action, because by not being named as a party, Idaho Polygraph is not subject to liability for the damages Wicklund seeks from Page. Consequently, the Court finds that joinder of Idaho Polygraph under Rule 19(a)(1)(B)(i) is not necessary. Defendant's 12(b)(7) motion to dismiss under this subpart of Rule 19 should be denied.

## CONCLUSION

Based upon the foregoing, the Court concludes that Wicklund has stated a claim against Page individually and Idaho Polygraph is not a necessary party because its absence would not preclude a determination whether Page is liable to Wicklund for damages. APS and TVP, being only assumed business names, are not "parties" subject to dismissal. As both Defendants have filed an answer (Dkt. 13, 15), this matter will be set for a scheduling conference.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant's Motion to Dismiss (Dkt. No.27) be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs and Defendants will submit a proposed **Litigation Plan** to the Court on or before **August 20, 2010**. A Notice of Hearing will be forthcoming.

DATED: August 6, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge