UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK S. WICKLUND,<br><br>Plaintiff,<br><br>v.<br><br>JAMES F. PAGE, an individual, dba ASCERTAIN POLYGRAPH SERVICES, dba TREASURE VALLEY POLYGRAPH, and IDAHO DEPARTMENT OF CORRECTION,<br><br>Defendants. | Case No. 1:09-CV-671-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

The Court has before it the Motion for Summary Judgment filed by Defendant Idaho Department of Correction ("IDOC"). (Dkt. 35.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral

**REPORT AND RECOMMENDATION - 1**

argument, this matter will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1.[1] As explained below, the Court recommends that Defendant's motion be granted.

## BACKGROUND

In the early part of January 2008, Plaintiff Mark Wicklund ("Wicklund"), a convicted sex offender, was suspected of violating the terms of his probation. (Def.'s Mem. at 2, Dkt. 27-1.) Consequently, Wicklund's probation officer, an employee of the Idaho Department of Correction, arrested and incarcerated him at the Ada County Jail. (Compl. ¶ 9, Dkt. 1.) Wicklund was thereafter transported from the Ada County Jail to the office of James F. Page ("Page") on January 11, 2008, where Page administered a polygraph exam to help determine whether Wicklund had in fact violated the terms of his probation. (Compl. ¶ 12, Dkt. 1; Aff. of Page, Dkt. 35-4.)

Wicklund alleges that when his probation officer arrested him and transported him to the Ada County Jail, he was taking Norco, a narcotic for which he had a prescription. (Compl. ¶ 9, Dkt. 1.) Jail regulations prohibit inmates from taking narcotics and, as a result, Wicklund had to quit taking Norco "cold turkey." (Compl. ¶¶ 10–11, Dkt. 1.) Wicklund claims that his withdrawal from the medication made him physically ill, incoherent, and unable to think clearly. (Compl. ¶¶ 11–12, Dkt. 1.) Given his mental state, he alleges that he lacked the ability to waive his Fifth Amendment right to protection

---

[1] The hearing previously set for this matter on February 8, 2011, was vacated. (Dkt. 42.)

from self-incrimination, the ability to consent to the polygraph examination, and the ability to respond to the questions that Defendants asked. (Compl. ¶ 19, Dkt. 1.) Wicklund contends that Defendants were aware of his impaired condition when Page conducted the polygraph examination. (Compl. ¶ 19, Dkt. 1.)

## FACTS

The Court finds the following material facts undisputed. The polygraph examination occurred on January 11, 2008. (Aff. of Page, Dkt. 35-4.) Wicklund submitted a Notice of Tort Claim on August 19, 2009. (Aff. of Artiach, Dkt. 35-3.) The Notice of Tort Claim mentions a meeting that occurred in 2008, but does not mention any facts concerning the polygraph examination described in the Complaint. The meeting described in the Notice of Tort Claim purportedly was to instruct Wicklund to cease investigating the prosecutor's office and the polygrapher. The affidavits submitted in support of the motion for summary judgment describe a meeting that occurred on January 26, 2009, which was concurrently documented in IDOC records.

On December 22, 2009, Wicklund filed a Complaint and Demand for Jury Trial seeking relief under 42 U.S.C. § 1983 for the allegedly improper polygraph examination. Wicklund sued the Idaho Department of Correction and Page. Wicklund alleges that by taking the polygraph examination on January 11, 2008, without his consent, Defendant IDOC violated his Fifth Amendment right to protection from self-incrimination, and was

negligent. (Compl. Dkt. 1.)[2] Wicklund seeks compensatory damages on each count.

IDOC filed its Motion for Summary Judgment on September 1, 2010, arguing that it cannot be sued for damages under § 1983, and that Wicklund's negligence claim must be dismissed because Wicklund did not file a timely notice of claim under the Idaho Tort Claims Act. (Dkt. 35-5.) Wicklund filed a response on September 27, 2010, conceding that he did not file a timely notice of tort claim and "consent[ing] to summary judgment being entered in favor of the IDOC." (Dkt. 36.) No opposing affidavits were filed challenging IDOC's submissions.

## DISPOSITION

**1. Summary Judgment Standards**

Motions for summary judgment are governed by Fed. R. Civ. P. 56(c)(2)[3], which provides, in pertinent part, that judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A moving party may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once

---

[2] Counts One and Two are alleged against both Defendants, while Count Three is alleged only as to Defendant Page.

[3] The motion was filed prior to the amendments to the Federal Rules of Civil Procedure, which became effective on December 1, 2010. Therefore, the Court cites to the prior version of Rule 56. The standard for granting summary judgment remains unchanged in the amended rule.

the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [nonmoving] party to "rest on mere allegations or denials of his pleadings." *Id*. Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250.

In determining whether a genuine issue of material fact exists, facts and inferences must be viewed most favorably to the non-moving party. To deny the motion, the Court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981). The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992). The Ninth Circuit has found that, to resist a motion for summary judgment, the non-moving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

**REPORT AND RECOMMENDATION - 5**

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989).

Consistent with Ninth Circuit authorities, the lack of any responsive submissions by Wicklund is not deemed a consent to the granting of the motion by the Court. Dist. Idaho Loc. Civ. R. 7.1(e)(2). The Court may grant summary judgment only if the motion and supporting materials show that IDOC is entitled to the granting of the motion. *In re Rogstad* (*Borough v. Rogstad*), 126 F.3d 1224, 1227 (9th Cir. 1997) (finding that it is error to grant a motion for summary judgment simply because the opponent failed to oppose); Dist. Idaho Loc. Civ. R. 7.1(e)(2).

**2. Section 1983 Claim**

Wicklund's Fifth Amendment claim brought pursuant to § 1983 and seeking damages against IDOC fails as a matter of law for two reasons. First, IDOC is not a "person" amendable to suit under § 1983. Section 1983 provides that "every person" under color of law who deprives another of any rights secured by the Constitution may be liable to the injured party. The IDOC is an executive department of state government. Idaho Code § 20-201. However, a State, its officials acting in their official capacities, and its dependant agencies or instrumentalities are not "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Second, the Fifth Amendment claim must be dismissed against IDOC because it seeks monetary relief from a defendant who is immune from such relief and fails to state a claim upon which relief may be granted in this Court. The complaint fails to state an

**REPORT AND RECOMMENDATION - 6**

actionable claim for damages against IDOC, an executive department of state government, because the State of Idaho and its dependent agencies are immune from § 1983 damages claims under the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Cerrato v. San Francisco Comm. College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994). *See also Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) (holding that, as part of the state, IDOC is immune from a suit for damages under § 1983.)

Accordingly, summary judgment should be granted with respect to Wicklund's § 1983 claim against IDOC.

**3. Negligence Claim**

Idaho Code § 6-908 provides, "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." The Tort Claims Act requires the notice of claim to be filed within 180 days from the date the claim arose. Idaho Code § 6-906. The Idaho Supreme Court has held that the filing of a notice of claim as required by the Tort Claims Act is "a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *Banks v. Univ. of Idaho*, 798 P.2d 452, 453 (Idaho 1990) (quoting *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (Idaho 1987)).

The record in this matter indicates that a notice of tort claim was filed on August 19, 2009, more than 365 days after the January 11, 2008 polygraph alleged to be the source of Wicklund's injuries. Wicklund conceded that no timely notice of tort claim was

**REPORT AND RECOMMENDATION - 7**

submitted. Therefore, summary judgment is properly entered for IDOC on the negligence claim.

## CONCLUSION

Having reviewed IDOC's moving papers, as well as the entire file, the Court finds it appropriate under the applicable standards to grant summary judgment in favor of IDOC. Nothing filed by Wicklund or otherwise present in the record creates a genuine issue of material fact as to any element of Wicklund's claims against IDOC so as to preclude the entry of summary judgment.

# **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant's Motion for Summary Judgment (Dkt. No. 35) be **GRANTED**, and Defendant be directed to prepare an appropriate form of judgment for entry by the Court.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 27, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge