UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK S. WICKLUND,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES F. PAGE, an individual, dba ASCERTAIN POLYGRAPH SERVICES, dba TREASURE VALLEY POLYGRAPH, and IDAHO DEPARTMENT OF CORRECTION,<br><br>          Defendants. | Case No. 1:09-CV-671-EJL-CWD<br><br>**ORDER** |

      Before the Court are two discovery motions. The first motion, filed by Defendant James Page on June 3, 2011, seeks to compel Plaintiff to answer discovery requests. (Dkt. 58.) The second motion was filed on June 8, 2011, by Ada County Prosecutor Shelley Armstrong, seeking to quash a subpoena served upon her by Plaintiff Mark Wicklund. (Dkt. 59.) The Court entered an order shortening time for responses and replies, which deadlines have expired. The parties have filed responsive briefing and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.

**ORDER - 1**

Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1.

**DISPOSITION**

**1. Defendant Page's Motion to Compel**

On June 3, 2011, Defendant Page filed a motion to compel Plaintiff to respond to interrogatories and requests for production, which Page submitted to Plaintiff on March 21, 2011. Idaho R. Civ. P. 33(a)(2) requires the responding party to serve answers and objections within 30 days after being served. Plaintiff neither responded to the discovery requests, nor to the Motion to Compel.

This matter presents an unusual situation because the Court has not entered a scheduling order pursuant to Dist. Idaho L. Rule 16.1. Rule 16.1 indicates that, upon the Court's determination, certain cases may be exempted from the requirements of the rule, and may not necessitate a scheduling order. Because of the dispositive motions filed early in this case seeking dismissal, summary judgment and disqualification of counsel, the Court did not enter a case management order setting forth deadlines for discovery. Most recently, the Court issued a Report and Recommendation on January 27, 2011, (Dkt. 43), recommending that summary judgment be granted to Defendant Idaho Department of Correction ("IDOC"), thereby dismissing IDOC from this lawsuit and obviating the need

for IDOC's participation should the District Judge adopt the recommendations.

And on May 25, 2011, the Court issued a second Report and Recommendation that recommended Defendant Page's motion for summary judgment be denied, but also that the District Judge impose deadlines for limited discovery, amending the pleadings, and filing a second motion for summary judgment. The Honorable Edward J. Lodge has not yet issued an order disposing of the two reports. Therefore, no deadlines are in place.

Nevertheless, the Rules of Civil Procedure are clear that, once asked, interrogatories "must be answered" and requests for production of documents "must" be responded to within 30 days. Fed. R. Civ. P. 33(b), 34(b)(2). Fed. R. Civ. P. 37 provides that a party may move for an order compelling disclosure or discovery once the party has conferred in good faith with the opposing party. Page included the requisite certification.

Considering Plaintiff failed to proffer any objection to the motion to compel, and the Court cannot discern good cause for Plaintiff's failure to respond in light of the Court's recommendation that limited discovery be permitted, the Court will grant Page's motion.

**2. Armstrong's Motion to Quash**

Deputy Ada County Prosecuting Attorney Shelly Armstrong was served with a subpoena on May 27, 2011, which requested deposition testimony and information from the Ada County Prosecuting Attorney's file related to the felony charge filed against Wicklund on May 8, 2001. By way of background, the facts are set forth in the Court's

**ORDER - 3**

Report and Recommendation, (Dkt. 56), and will not be repeated in detail here other than setting forth the context of the instant motion.

Ms. Armstrong was the prosecuting attorney in the criminal case against Wicklund. She was responsible also for prosecuting Wicklund for violation of the terms of his probation, one of the underlying issues in this case. Wicklund's complaint arises out of a polygraph examination administered to him on January 11, 2008, by Defendant Page after Wicklund's probation officers learned of possible probation violations, specifically Wicklund's use of the internet. After the polygraph examination, probation revocation proceedings were initiated against Wicklund. Wicklund asserts in his Complaint that he did not understand the nature of his rights during the polygraph examination, and the statements he made during the examination were therefore coerced in violation of his Fifth Amendment privilege against self-incrimination.

Page requested summary judgment on the grounds that there was no disputed issue of material fact that Wicklund waived his Fifth Amendment right against self-incrimination and that the polygraph examination therefore did not constitute coercive police questioning in violation of Wicklund's civil rights. The Court denied Page's motion, finding that the material facts surrounding Wicklund's state of mind and his capacity to waive his Fifth Amendment rights were disputed.

However, the Court recommended leave be allowed to amend the Complaint and to file a second motion for summary judgement on the issue of causation. Neither party

**ORDER - 4**

had addressed a central element of Plaintiff's prima facie case, either in the Complaint or in the motion for summary judgment. Wicklund must establish that Page's actions "caused" the deprivation of Wicklund's constitutional rights. The Court explained that coercive police questioning, without more, does not violate the Fifth Amendment unless the statements obtained through that questioning are subsequently "used" in a criminal case. However, Wicklund had not alleged in his complaint how the purportedly incriminating statements elicited during the polygraph examination were "used" during any portion of the probation revocation proceedings.

Nor had the parties presented sufficient evidence in conjunction with Page's motion for summary judgment for the Court to determine, as a matter of law, whether the allegedly incriminating statements were "used" during any portion of the probation revocation proceedings. Wicklund suggested that the statements obtained might have been used prior to the actual revocation hearing, but noted that there was a lack of evidence in the record. The Court agreed that, based upon the record before it, there was insufficient evidence to determine the extent, if any, Wicklund's statements obtained during the polygraph examination were used by the prosecution during any portion of the probation violation and revocation proceedings.

Presumably, the Court's ruling was the impetus for Wicklund to subpoena Ms. Armstrong and her file. Ms. Armstrong objects, contending that to subpoena her would violate principles of prosecutorial privilege, privacy, and attorney work product. In

addition, Ms. Armstrong contends that the information Wicklund seeks may be obtained from public records. And finally, Ms. Armstrong submitted an affidavit that she "did not use Mark Wicklund's statements obtained during his polygraph examination during any portion of his probation violation and revocation proceedings,"[1] and that, when Wicklund's attorney attempted to introduce results of the polygraph at the revocation hearing, "the State of Idaho objected and the state court refused to allow or consider the same." (Aff. of Armstrong ¶ 4, Dkt. 59-2.)

Despite Ms. Armstrong's statements, Wicklund contends that Ms. Armstrong "possesses other relevant information and intends to avail himself of the right to depose Ms. Armstrong." Wicklund does not specify what that information might be. Wicklund further asserts that "no basis" exists for Ms. Armstrong's objection or her assertion that a deposition will require disclosure of privileged information.

The Court disagrees. In its Report and Recommendation, and in examining the case law regarding the issue of causation in the context of a Fifth Amendment claim involving alleged coerced statements, the Court determined such statements must form

---

[1] There also is no indication on the record before the Court that Ms. Armstrong was involved in Wicklund's probation violation proceedings prior to filing the first Motion for Probation Violation. It is not clear in the record when Ms. Armstrong filed the initial motion. And, although Ms. Armstrong averred that the initial motion included an allegation about the polygraph, the allegation was not included in the Amended Motion. (Aff. of Armstrong n.1 at 3, Dkt. 59-2.) A copy of the initial Motion is not part of the record, either in Ms. Armstrong's affidavit, or in the record before the Court on Page's motion for summary judgment. Therefore, it is not clear what role, if any, the polygraph played in Wicklund's probation violation proceedings.

**ORDER - 6**

the basis for instituting a criminal case. For example, in *Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009), the coerced statements were "used" because the statements were set forth in an affidavit filed in support of the information charging the defendant with a crime; were elicited during testimony at a pretrial arraignment and bail hearing; and elicited again during a pretrial evidentiary hearing. Similarly, in *Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010), the coerced statements were used during public pre-trial proceedings and relied upon to determine whether the defendants would be incarcerated prior to trial.

Neither *Stoot* nor *Crowe* stand for the proposition that the mere knowledge of allegedly coerced statements by a prosecutor, without reliance upon them to form the basis of criminal charges or filing further criminal proceedings, would satisfy the standard of "use." Therefore, it is difficult for the Court to discern what "relevant information" might be learned by examining the prosecutor's file or by deposing her.

According to *Stoot* and *Crowe*, the information Wicklund seeks should be readily available and accessible via public records in Wicklund's criminal case. Therefore, the Court finds that the subpoena constitutes an undue burden pursuant to Fed. R. Civ. P. 45(c), as there are other less intrusive means for discovering the information.

As for Ms. Armstrong's claims of privilege and other protections against disclosure of her files and her knowledge of the case, the Court finds that Wicklund has not satisfied his burden under *Dunlap v. State*, 106 P.3d 376, 392 (Idaho 2004). *See* Fed.

R. Evid. 501 (privilege is determined in accordance with state law). *Dunlap* held that it was not error to deny the defendant the opportunity to depose the prosecuting attorney absent evidence that "there was no other means to obtain the information other than deposing opposing counsel; the information sought would be relevant and not privileged; and the information was crucial to the preparation of the case." Wicklund has not established any of the above elements, considering there are other means of obtaining the information from the public records; he has not shown how the information might be relevant and not privileged other than asserting that he would respect the prosecutorial privilege during the deposition; and finally, Wicklund has not established how the information would be "crucial" to preparing his case in light of the holdings and factual examples set forth in *Stoot* and *Crowe*.

Accordingly, the Motion to Quash will be granted.

## CONCLUSION

In light of Ms. Armstrong's affidavit, and in the absence of information obtainable via public records to demonstrate that the allegedly coerced statements were "used" in the sense that the statements formed the basis to support and initiate post-conviction revocation charges against Wicklund, it appears Wicklund has an uphill battle. The controlling case law is clear that coercive police questioning, standing alone, does not constitute a violation of an individual's Fifth Amendment privilege against self-incrimination. Nevertheless, absent a motion upon which the Court can consider the issue,

**ORDER - 8**

this matter will continue on its course.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Armstrong's Motion to Quash Subpoena (Dkt. 59) is **GRANTED**.

2) Defendant's Motion to Compel (Dkt. 58) is **GRANTED**.

DATED: June 29, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge